**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JEREMY BAKER,** **Individually and on behalf of all others similarly situated,** | § | **Civil Action No. _____________** |
| | § | |
| ***Plaintiff*,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **v.** | § | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |
| | § | |
| **TOW STAR, INC., d/b/a TOW JAM,** | § | |
| | § | |
| ***Defendant.*** | § | **CLASS ACTION PURSUANT TO FED. R. CIV. P. 23** |

**ORIGINAL COLLECTIVE / CLASS ACTION COMPLAINT AND INDIVIDUAL ACTION**

Plaintiff Jeremy Baker, brings this action individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members") who worked for Tow Star, Inc., d/b/a Tow Jam (hereafter "Defendant" or "Tow Jam"), at any time during the relevant statutes of limitations through the final disposition of this matter, seeking all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201–19, and Texas common law. Plaintiff Jeremy Baker also brings individual action against Defendant for retaliatory discharge in violation of the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3).

## I. OVERVIEW

### A. COLLECTIVE/ CLASS ACTION

1. This is a collective action brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and a class action brought pursuant to Texas common law and FED. R. CIV. P. 23 to recover unpaid wages, overtime wages, unlawfully retained tips, and other

applicable damages and penalties.

2. Plaintiff and the Putative Class Members are those similarly situated persons who worked for Defendant at any time during the relevant statutes of limitations through the final disposition of this matter and were not paid for all hours worked or any overtime compensation in violation of state and federal law.

3. Plaintiff and the Putative Class Members routinely work (and worked) in excess of forty (40) hours per workweek.

4. Plaintiff and the Putative Class Members were not paid for all hours worked, were not paid overtime at a rate of at least one and one-half times their regular rate for all hours worked in excess of forty (40) hours per workweek and were deprived of customer-paid gratuities that Defendant unlawfully retained for its own benefit.

5. Defendant's decision not to pay Plaintiff and the Putative Class Members for all hours worked, overtime compensation, or tips was neither reasonable nor in good faith.

6. Defendant knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked each workweek, including the proper amount of overtime, on a routine and regular basis in the last (3) three years.

7. Defendant knowingly and deliberately retained customer tips that were paid through Defendant's website and electronic payment systems for the benefit of Plaintiff and the Putative Class Members.

8. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA, or Texas state law.[1]

9. Plaintiff and the Putative Class Members therefore seek to recover all unpaid

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all damages owed under the Texas state-law claim as a class action pursuant to FED. R. CIV. P. 23.

10. Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

11. Plaintiff also prays that the Rule 23/Texas Common Law class be certified as defined herein, and that Plaintiff Jeremy Baker designated herein be named as Class Representative for the Texas Common-Law Class.

**B. JEREMY BAKER'S INDIVIDUAL ACTION**

12. This is also an action brought, individually, by Plaintiff Baker against Defendant for legal and equitable relief, pre-judgment and post-judgment interest, an additional amount in liquidated damages, costs and expenses of litigation, a reasonable attorney's fee, and judicial interest based upon Defendant's retaliatory discharge of Plaintiff in violation of 29 U.S.C. § 215(a)(3) of the FLSA. In particular, Defendant terminated Plaintiff's employment for complaining about Defendant's failure to release tips and about not being paid for all hours worked or overtime for all hours worked in excess of forty (40) hours per week.

## II. THE PARTIES

13. Plaintiff Jeremy Baker ("Baker") was employed by Defendant during the relevant time periods. Plaintiff Baker did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

---

[2] The written consent of Jeremy Baker is hereby attached as Exhibit "A."

14. The Putative Class Members are those similarly situated current and former employees who were employed by Defendant at any time during the last three (3) years through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Baker worked and was paid.

15. Defendant Tow Star, Inc. d/b/a Tow Jam is a Texas corporation that can be served with process through its registered agent: **Tesfaye Gebrewold, 13550 Floyd Circle, Dallas, Texas 75243, or wherever it may be found**.

## III. JURISDICTION & VENUE

16. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19, *et. seq*.

17. This Court has supplemental jurisdiction over the additional Texas state-law claims pursuant to 28 U.S.C. § 1367.

18. This Court has personal jurisdiction over Defendant because the cause of action arose within this District as a result of Defendant's conduct within this District and Division.

19. Venue is proper in the Northern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

20. Specifically, Defendant has maintained a working presence throughout the State of Texas and Plaintiff Baker worked in Dallas, Texas throughout his employment with Defendant, all of which are located within this District and Division.

21. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

## IV. ADDITIONAL FACTS

22. Defendant Tow Jam operates a vehicle recovery and towing service business that provides roadside assistance and towing services to customers throughout the State of Texas.

Defendant advertises that it has a fleet of twenty (20) flatbed and wheel-lift trucks.

23. To provide their services, Defendant employed (and continues to employ) numerous non-exempt workers, including Plaintiff and the individuals that make up the putative or potential class. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work throughout the State of Texas.

24. Defendant is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203, and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203.

25. Defendant exercises control over its employees' work schedules, conditions of employment, rate and method of pay, and maintains their employment records. Defendant also possesses the authority to hire and fire employees, including Plaintiff and the Putative Class Members.

26. dictated the day-to-day work of Plaintiff and the Putative Class Members by assigning daily routes, setting schedules, providing the tow trucks and other necessary equipment, and requiring employees to report to the company's office for instructions and training. Defendant directed the work performed and exercised pervasive control over all material aspects of employment.

27. As such, Defendant is and was responsible for compliance with all applicable provisions of the FLSA and Texas common law for the workweeks at issue in this case.

28. Plaintiff Baker was employed by Defendant in Dallas, Texas from approximately December 2023 until November 2024.

29. Plaintiff and the Putative Class Members are non-exempt tow truck driver employees who were (and are) paid hourly on paper, but in practice were (and are) paid per trip,

regardless of hours worked.

30. Plaintiff and the Putative Class Members' primary duty was to respond to dispatch assignments issued by Defendant and to provide roadside assistance and towing services to customers throughout the State of Texas. Defendant's customers routinely paid gratuities for these services through Defendant's website and other electronic payment systems.

31. Plaintiff and the Putative Class Members regularly worked long hours. Specifically, Plaintiff and the Putative Class Members often worked more than sixty (60) hours per week.

32. In numerous workweeks during the relevant period, Plaintiff and the Putative Class Members' total compensation divided by total hours worked fell below the federal minimum wage of $7.25 per hour.

33. Plaintiff and the Putative Class Members have not been compensated for all the hours they worked for Defendant as a result of Defendant's uniform pay policies and practices of paying its employees trip charge only.

34. Defendant also failed to pay Plaintiff and the Putative Class Members overtime at the proper rate for all hours worked in excess of forty (40) hours each week.

35. Defendant also withheld customer tips that were paid electronically through the company's website and did not remit those gratuities to Plaintiff (and the Putative Class Members) who earned them. Defendant has refused to provide Plaintiff (and the Putative Class Members) with an accounting of the tips received by customers.

36. Defendant is aware of its obligation to pay Plaintiff and the Putative Class Members for all hours worked, to pay overtime at one and one-half times the regular rate for all hours over forty (40) per week, and to remit all customer-paid tips.

37. Defendant denied Plaintiff and the Putative Class Members pay for all hours

worked, for overtime at the proper rate for all hours worked in excess of forty (40) hours each week, and customer tips as a result of a widely applicable, illegal pay practice.

38. Indeed, Defendant applied this pay practice despite clear and controlling law that states that Plaintiff and the Putative Class Members were non-exempt employees entitled to be paid for all hours worked, overtime compensation at the proper rate, and their earned tips.

39. Defendant was (and continues to be) aware that Plaintiff and the Putative Class Members were not paid for all hours worked, the proper amount of overtime for all hours worked over forty (40) each week, or their earned tips.

40. Defendant's pay policies and practices violated (and continue to violate) the FLSA and Texas common law.

41. Additionally, at all relevant times, Plaintiff complained about not being paid for all hours worked or overtime for all hours worked in excess of forty (40) hours per week, and Defendant's failure to release tips to Plaintiff (and the Putative Class Members). Defendant subsequently terminated Plaintiff's employment for complaining about not being paid properly.

42. Defendant was (and continues to be) aware that the FLSA prohibited Defendant from firing an employee for complaining about not being paid all that the FLSA requires that he be paid for his overtime work.

43. Defendant's decision to terminate Plaintiff for complaining about Defendant's failure to pay him all of the overtime compensation to which he was entitled under the FLSA was intentional, and made with reckless disregard of Plaintiff's right to be free from retaliation under the FLSA.

44. As a proximate result of Defendant's illegal and retaliatory termination of Plaintiff, Plaintiff suffered, and will continue to suffer, actual damages, including but not limited to past and

future lost pay and benefits, damages for humiliation, emotional distress, mental anguish and embarrassment, and other consequential and incidental damages.

## V. CAUSES OF ACTION

45. All conditions precedent, if any, to this suit, have been fulfilled.

### COUNT ONE
### (Collective Action Alleging FLSA Violations)

### A. FLSA COVERAGE

46. All previous paragraphs are incorporated as though fully set forth herein.

47. The FLSA Collective is defined as:

**ALL HOURLY NON-EXEMPT WORKERS WHO WORKED FOR TOW STAR, INC., D/B/A TOW JAM, AT ANY TIME FROM NOVEMBER 25, 2022 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

48. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

49. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

50. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

51. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Defendant, these individuals provided services for Defendant that involved interstate commerce for purposes of the FLSA.

52. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

53. Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt employees who worked for Defendant and were engaged in providing roadside assistance and towing broken down vehicles for Defendant and its customers. 29 U.S.C. § 203(j).

54. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

55. In violating the FLSA, Defendant acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

56. The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 47.

57. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant.

## B. FAILURE TO PAY WAGES AND UNLAWFUL RETENTION OF EMPLOYEE TIPS IN VIOLATION OF THE FLSA

58. All previous paragraphs are incorporated as though fully set forth herein.

59. Defendant violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing individuals in an enterprise engaged in commerce or in the

production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) per workweek at rates at least one and one-half times the regular rate., and by failing to pay Plaintiff and the FLSA Collective Members at least the federal minimum wage of $7.25 per hour for all hours worked each week.

60. Defendant further violated 29 U.S.C. § 203(m)(2)(B) by unlawfully retaining, diverting, and/or failing to remit customer tips that were paid through Defendant's website, mobile payment systems, and credit-card transactions for the benefit of Plaintiff and the FLSA Collective Members.

61. Under the FLSA and the implementing regulations, "tips are the property of the employee whether or not the employer has taken a tip credit." 29 C.F.R. § 531.52.

62. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Defendant's acts or omissions as described herein; though Defendant is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

63. Defendant knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees for all hours worked and overtime at the proper rate. 29 U.S.C. § 255(a).

64. Defendant knew or should have known its pay practices were in violation of the FLSA.

65. Defendant is a sophisticated party and therefore knew (or should have known) its policies were in violation of the FLSA.

66. Plaintiff and the FLSA Collective Members, on the other hand, are (and were)

unsophisticated employees who trusted Defendant to pay for all hours worked and overtime at the proper rate in accordance with the law.

67. The decision and practice by Defendant to not pay for all hours worked and overtime at the proper rate was neither reasonable nor in good faith.

68. Accordingly, Plaintiff and the Putative Class Members are entitled to be paid (a) for all hours worked, (b) overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, (c) all tips and gratuities unlawfully retained by Defendant, and (d) an equal amount of liquidated damages, plus attorneys' fees and costs.

## C. FLSA COLLECTIVE ACTION ALLEGATIONS

69. All previous paragraphs are incorporated as though fully set forth herein.

70. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiff.

71. Other similarly situated employees have been victimized by Defendant's patterns, practices, and policies, which are in willful violation of the FLSA.

72. The FLSA Collective Members are defined in Paragraph 47.

73. Defendant's failure to pay for all hours worked and overtime at the proper rate results from generally applicable policies and practices and does not depend on the personal circumstances of the individual FLSA Collective Members.

74. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

75. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

76. All the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked, to receive overtime pay at the proper rate for all hours worked in excess of forty (40) per workweek, and to receive all customer tips paid for their services.

77. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the FLSA Collective Members are blue-collar workers entitled to be paid for all hours worked, all overtime worked at the proper rate, and all customer tips.

78. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Defendant will retain the proceeds of their rampant violations.

79. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

80. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined in Paragraph 47 and notice should be promptly sent.

**COUNT TWO**
**(Class Action Alleging Violations of Texas Common Law)**

## A. VIOLATIONS OF TEXAS COMMON LAW

81. All previous paragraphs are incorporated as though fully set forth herein.

82. Plaintiff further brings this action pursuant to the equitable theory of quantum meruit. *See Artemis Seafood, Inc. v. Butcher's Choice, Inc.* No. CIV. A. 3:98-0282, 1999 WL 608853, at *3 (N.D. Tex. Aug. 11, 1999) (citing *Schuchart & Assocs. V. Solo Serve Corp.*, 1983 WL 1147, at *23 (W.D. Tex. June 29, 1983)).

83. The Texas Common Law Class is defined as:

**ALL HOURLY WORKERS WHO WORKED FOR TOW STAR, INC., D/B/A TOW JAM, IN THE STATE OF TEXAS, AT ANY TIME FROM NOVEMBER 25, 2021 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("Texas Common Law Class" or "Texas Common Law Class Members").**

84. The Texas Common Law Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of Defendant. These claims are independent of Plaintiff's claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA. *See Burns v. Chesapeake Energy, Inc.*, No. SA-15-CV-1016-RP, (ECF No. 67) (W.D. Tex. Mar. 2, 2017) (recognizing that "gap time" or "straight time" claims, where the compensation sought is for hours worked in a week that are not in excess of forty and when the average wage paid is not below minimum wage, are not preempted by the FLSA); *see also Carman v. Meritage Homes Corp.*, 37 F.Supp.3d 860, 867 (S.D. Tex. 2014).

85. Plaintiff and the Texas Common Law Class Members provided valuable services for Defendant, at Defendant's direction and with Defendant's acquiescence.

86. Defendant accepted Plaintiff and the Texas Common Law Class Members' services and benefited from their timely dedication to Defendant's policies and adherence to Defendant's schedule.

87. Defendant was (and continues to be) aware that Plaintiff and the Texas Common Law Class Members expected to be compensated for the services they provided to Defendant.

88. Defendant has therefore benefited from services rendered by Plaintiff and the Texas Common Law Class Members.

89. Plaintiff and the Texas Common Law Class Members are therefore entitled to recover pursuant to the equitable theory of *quantum meruit*.

**B. TEXAS COMMON LAW CLASS ALLEGATIONS**

90. Plaintiff brings his Texas Common Law Claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Defendant to work in Texas since November 3, 2021. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051.

91. Class action treatment of the Texas Common Law Class Members is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

92. The number of Texas Common Law Class Members is so numerous that joinder of all class members is impracticable.

93. Plaintiff is a member of the Texas Common Law Class, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of the other class members.

94. Plaintiff and his counsel will fairly and adequately represent the class members and their interests.

95. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

96. Accordingly, the Texas Common Law Class should be certified as defined in Paragraph 83.

**COUNT THREE**
**(Individual Action Alleging Violation of FLSA's Anti-Retaliation Provision)**

97. All previous paragraphs are incorporated as though fully set forth herein.

98. Plaintiff's complaints to Defendant about not being compensated for all hours

worked, not receiving overtime compensation, and Defendant's failure to remit customer tips constituted "protected activity" under Section 15(a)(3).

99. Plaintiff's termination, which immediately followed the last of these complaints, constituted an "adverse employment action" under the FLSA's anti-retaliation provision.

100. A causal connection exists between the protected activity and the adverse employment action described in the previous two paragraphs because Plaintiff was terminated for complaints implicating his rights under the FLSA, i.e., for complaining about not being compensated for all hours worked, not receiving overtime compensation, and Defendant's failure to remit customer tips.

101. Thus, Defendant violated the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3).

102. Defendant's violation of Section 15(a)(3) was knowing and willful, and Defendant violated that provision despite its knowledge that the FLSA was "in the picture," and in reckless disregard of Plaintiff's right to be free from retaliation for complaining about not receiving all of the pay due to him under the FLSA.

103. As a consequence of Defendant's violation of Plaintiff's right to be free from retaliation for complaining about not receiving all of the pay due to him under the FLSA, Plaintiff is entitled to lost wages, the value of lost benefits and lost opportunities, front pay, pre-judgment and post-judgment interest, an additional amount in liquidated damages, compensation for humiliation, emotional distress, mental anguish and embarrassment, such other legal and equitable relief as is appropriate to fully compensate Plaintiff and to fully restore him to the same position in which he would have been absent Defendant's illegal retaliation, a reasonable attorney's fee, and the costs of the action pursuant to 29 U.S.C. § 216(b).

## VI. JURY DEMAND

104. Plaintiff, on behalf of himself and similarly situated employees of Defendant, hereby request a trial by jury on all issues so triable, and all Counts.

## VII. RELIEF SOUGHT

105. Plaintiff respectfully pray for judgment against Defendant as follows:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 47 and requiring Defendant to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages and unlawfully retained tips due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

d. For an Order awarding Plaintiff (and those FLSA Collective Members who have joined in the suit) back wages that have been improperly withheld;

e. For an Order certifying the Texas Common Law Class as defined in Paragraph 83 as a class action under Rule 23 and designating Plaintiff Baker as the Class Representative of the Texas Common Law Class;

f. For an Order pursuant to Texas Common Law awarding Plaintiff and the

Texas Common Law Class who performed work on behalf of Defendant in the State of Texas unpaid wages and all damages allowed by law;

g. For an Order awarding the costs and expenses of prosecuting Plaintiff's and the Putative Class Members' claims;

h. For an Order awarding Plaintiff and the Putative Class Members their reasonable and necessary attorneys' fees;

i. For an Order awarding Plaintiff and the Putative Class Members pre-judgment and post-judgment interest at the highest rates allowed by law;

j. For an Order awarding the Plaintiff Baker a service award as permitted by law;

k. For an Order compelling the accounting of the books and records of Defendant, at Defendant's own expense; and

l. For an Order granting such other and further relief as may be necessary and appropriate.

Date: November 25, 2025

Respectfully submitted,

**SONG WHIDDON, PLLC**

***/s/ Tailim Song***

Tailim Song
Texas Bar No. 00792845
tsong@songwhiddon.com
Fidel Tenorio
Texas Bar No. 24144610
ftenorio@songwhiddon.com
8131 LBJ Freeway, Suite 770
Dallas, Texas 75251
(214) 528-8400 Telephone
(214) 528-8402 Facsimile

***Attorneys for Plaintiff and the Putative Class Members***

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JEREMY BAKER,** | § | **Civil Action No. ____________** |
| **Individually and on behalf** | § | |
| **of all others similarly situated,** | § | |
| | § | **JURY TRIAL DEMANDED** |
| ***Plaintiff*,** | § | |
| | § | |
| **v.** | § | **COLLECTIVE ACTION** |
| | § | **PURSUANT TO 29 U.S.C. § 216(b)** |
| **TOW STAR, INC., d/b/a TOW JAM,** | § | |
| | § | |
| ***Defendant*.** | § | **CLASS ACTION PURSUANT TO** |
| | § | **FED. R. CIV. P. 23** |

**COLLECTIVE ACTION**

**NOTICE OF CONSENT**

I consent to be a party plaintiff in a collective action to collect unpaid wages.



ID C3ogBL7sqvo15q84P3sDM7FX

Signature

Jeremy Lawrence Baker

Full Legal Name (print)

# eSignature Details

| | |
|---|---|
| **Signer ID:** | **C3ogBL7sqvo15q84P3sDM7FX** |
| Signed by: | Jeremy Baker |
| Sent to email: | JeremyLBaker@gmail.com |
| IP Address: | 108.76.133.121 |
| Signed at: | Nov 25 2025, 12:31 pm CST |